**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

TIMOTHY MICHAEL KNAUFF,

Defendant.

Case No. 24-cr-304 (NEB/DTS)

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2.

## I. BACKGROUND

On December 10, 2024, a grand jury returned a Superseding Indictment against Defendant Timothy Michael Knauff. ECF No. 20. The Forfeiture Allegations of the Superseding Indictment provided notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c), of any firearms, ammunition, and accessories involved in or used in any knowing in violation of 18 U.S.C. § 922(g). *Id.*

On May 1, 2025, the Defendant pled guilty to Count 1 of the Superseding Indictment, which charged him with Possession with the Intent to Distribute Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B). ECF No. 40. The Defendant admitted that on December 18, 2023, law

enforcement officers found various controlled substances and firearms during a search of his residence. Knauff admitted that the items seized from his home included a Springfield XD .40 caliber handgun bearing serial number MG218400, a Mossberg 12 gauge shotgun bearing serial number AFD77024, a Kimber r7 Mako 9 millimeter handgun bearing serial number R27017, and ammunition ("the Property"). *Id.* ¶ 2. The Defendant agreed to forfeit the Property to the United States, pursuant to 18 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c). *Id.* ¶ 14.

## II. ARGUMENT

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

> (A) Forfeiture Determinations. As soon as practical after . . . after a plea of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.
>
> (B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

> (A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and

> directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Based upon the evidence set forth in the Superseding Indictment and the Plea Agreement, the United States has established the requisite nexus between the Property and the offense to which the Defendant has pled guilty. That is, the Property was involved in or used in the commission of Count 1 if the Superseding Indictment. Accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c).

Section 853(n)(1) of Title 21, as incorporated by 28 U.S.C. § 2461(c), provides that, following the entry of an order of forfeiture, the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have alleged an interest in the Property. Sections 853(n)(2)-(6) of Title 21 set out the process by which third parties asserting a legal interest in the Property can obtain a judicial determination of the validity of the legal claims or interests they assert. Pursuant to Section 853(n)(7), following the disposition of all third-party petitions or, if no such petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

## III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture for the Property.

Respectfully submitted,

Dated: 6/3/2025

JOSEPH H. THOMPSON
Acting United States Attorney

*s/Craig Baune*

BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.baune@usdoj.gov