UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-304 (NEB/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY MICHAEL KNAUFF,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Position of the United States Regarding Sentencing** |

The United States of America, by its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Syngen Kanassatega, Assistant United States Attorney, hereby submits its position regarding sentencing. The United States respectfully recommends that the Court sentence Mr. Knauff to a 135-month term of imprisonment—a sentence at the bottom of the sentencing guidelines range.

## THE OFFENSE CONDUCT

Law enforcement officers began investigating Mr. Knauff in early December 2023 for suspected controlled substance trafficking. Officers executed a search warrant of Mr. Knauff's Cottage Grove home on December 21, 2023. They found approximately 7,864 grams of methamphetamine and 1,155 grams of cocaine in Mr. Knauff's basement and garage. They also found five firearms—three of which were loaded—near the controlled substances.

Washington County charged Mr. Knauff with First Degree Drug Sales and First Degree Drug Possession on December 26, 2023, and conditionally released him.

Law enforcement subsequently received information that Mr. Knauff was selling methamphetamine again and executed a second search warrant of his home on November 13, 2024. Officers found an additional 98 grams of methamphetamine in his basement.

A grand jury returned an indictment against Mr. Knauff on November 14, 2024, for his December 2023 conduct. The indictment charged him with one count of Possession with Intent to Distribute Methamphetamine and Cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B); one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and two counts of Possession of Firearms in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A). *See* ECF No. 1 (Indictment).

A grand jury returned a Superseding Indictment against Mr. Knauff on December 10, 2024, for his November 2024 conduct. The superseding indictment charged him with one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* ECF No. 20 (Superseding Indictment).

## SENTENCING RECOMMENDATION

In *Gall v. United States*, the Supreme Court set forth the appropriate sentencing methodology. 552 U.S. 38, 49–50 (2007). The district court should first calculate the advisory Sentencing Guidelines range. *Id.* at 49. After calculating a defendant's advisory Sentencing Guidelines range and hearing from the parties, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and make an individualized assessment based on the facts in arriving at an appropriate sentence. *Id.* at 49–50; *see also United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors.").

### A. Sentencing Guidelines Range

The government and Mr. Knauff stipulated to the base offense level and applicable enhancement under the sentencing guidelines in the plea agreement. *See* ECF No. 40 (Knauff Plea Agreement). Accordingly, the government agrees that the base offense level is 34, pursuant to U.S.S.G. § 2D1.1(a)(5), based upon a converted drug weight of 16,543.51 kilograms. ECF No. 53 (PSR) ¶ 26. The government also agrees that a two-level enhancement applies because Mr. Knauff possessed a dangerous weapon at the time of the

December 21, 2023, search of his home. *Id.* ¶ 27. The government further agrees that a three-level reduction for acceptance of responsibility applies, resulting in a total offense level of 33. *Id.* at ¶¶ 33–35. Finally, the parties agree that Mr. Knauff falls into criminal history category I. *Id.* ¶ 42.

With a total offense level of 33 and a criminal history category of I, the advisory guidelines range is 135–168 months' imprisonment.

**B. Section 3553(a) Sentencing Factors**

Section 3553(a) requires the Court to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

**1. Nature and Circumstances of the Offense**

The nature and circumstances of the offense weigh in favor of a significant custodial sentence. Officers found approximately 7,864 grams—more than 17 pounds—of methamphetamine and over one kilogram of cocaine in Mr. Knauff's basement and garage. Methamphetamine ravages the community, and Mr. Knauff sought to profit from contributing to that. In addition to the methamphetamine and cocaine, officers also found the following controlled substances: over 15,000 grams of marijuana; over 2,000 grams of

marijuana wax; over 500 grams of psilocybin mushrooms; and over 100 amphetamine/dextroamphetamine pills. ECF No. 53 ¶ 15. The variety and quantity of controlled substances demonstrates that Mr. Knauff built a substantial controlled substances distribution business. Officers also found five firearms near the controlled substances—some of them loaded. Such conduct supports a lengthy sentence.

**2. History and Characteristics of the Defendant**

This offense represents Mr. Knauff's first federal conviction. Mr. Knauff does not have a substantial criminal history and has not served significant time in custody. ECF No. 53 ¶¶ 40-41. The government acknowledges that any sentence within the guidelines range will represent a significant increase in punishment from any of his previous convictions.

**3. Deterrence, Respect for the Law, and Protecting the Public**

The Court must also consider the need for the sentence to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). Although Mr. Knauff struggles with addiction to controlled substances, he still intended to distribute serious controlled substances to other members of the community. Mr. Knauff's distribution activities targeted and furthered other individuals' struggles with addiction to controlled substances and he profited from those activities.

Further, although Mr. Knauff has complied by the conditions of his federal pretrial release and taken steps to address his own mental health issues, his state pretrial release conditions related to this offense conduct did not deter him from engaging in further criminal activity. These instances weigh in favor of a lengthy term of imprisonment.

## CONCLUSION

The sentencing factors support a lengthy term of imprisonment. Accordingly, the government respectfully recommends that the Court sentence Mr. Knauff to a term of imprisonment of 135 months—a sentence at the bottom of the guidelines range.

Dated: October 14, 2025

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ Syngen Kanassatega*
SYNGEN KANASSATEGA
Assistant United States Attorney